UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WAVERLY WILLIAMS, JR.,                    CASE NO.:

    Plaintiff,

v.

KENNETH DILLARD, individually, and
TANEITHA WILLIAMS, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WAVERLY WILLIAMS, JR. ("Mr. Waverly"), files suit against Defendants, KENNETH DILLARD, individually ("Officer Dillard"), and TANEITHA WILLIAMS, individually ("Officer Williams"), and states:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages and further relief to redress the deprivation of Williams' constitutional rights by officials acting under color of State Authority and for damages arising from the deprivation of Mr. Waverly's privileges and immunities secured by the Constitution, statutes, regulations, policies, practices, customs and usages of the United States, and pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §§ 1983 and 1988.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. The events resulting in the arrest and a violation of Mr. Waverly's civil rights pursuant to 42 U.S.C. §§ 1983 occurred in Miami-Dade County, Florida. Accordingly, the Southern District of Florida is the proper venue.

4. Williams is *sui juris*, over 18 years of age and a resident of Miami-Dade County, Florida.

5. At all relevant times, Officer Dillard was a resident of Miami-Dade County, Florida, is *sui juris*, over 18 years of age and a certified law enforcement officer in the State of Florida. At all relevant times, Officer Dillard was employed as a law enforcement officer for Miami-Dade County, Florida.

6. At all relevant times, Officer Williams was a resident of Miami-Dade County, Florida, is *sui juris*, over 18 years of age and a certified law enforcement officer in the State of Florida. At all relevant times, Officer Dillard was employed as a law enforcement officer for Miami-Dade County, Florida.

## **BACKGROUND FACTS**

7. On or about March 4, 2018, Mr. Waverly was a business invitee at a Walgreens store located at 750 NW 119th Street, Miami, Florida 33168.

8. While transacting business at Walgreen, without provocation or cause, a Walgreens employee called the police, falsely alleging that Mr. Waverly was aggressive and disruptive to said Walgreens employee.

9. Officers Dillard and Williams responded to the call, arriving at Walgreens within minutes.

10. After arriving at the Walgreens and ascertaining that Mr. Waverly had not been aggressive and disruptive to the Walgreens employee, Officers Dillard and Williams still seized, unreasonably detained and berated Mr. Waverly, even though Mr. Waverly spoke to with courteously and respectfully.

11. When Mr. Waverly left the Walgreens store, Officers Dillard and Williams followed Mr. Waverly to his motor vehicle, even though their investigation of the incident was complete, and further berated, harassed and attempted to incite Mr. Waverly.

12. Mr. Waverly asked Officers Dillard and Williams if he was free to leave, but was told by Officers Dillard and Williams that he – Mr. Waverly – was could not leave the Walgreens property.

13. All pre-suit requirements were either satisfied or waived.

## COUNT I
## **42 U.S.C. § 1983 SEIZURE CLAIM AGAINST KENNETH DILLARD**

14. Mr. Waverly re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 though 13 above as if fully set forth herein.

15. Officer Dillard proximately caused Mr. Waverly' seizure and detention in the absence of either arguable probable cause or probable cause that Mr. Waverly committed any criminal offense.

16. The actions of Officer Dillard, in causing the seizure and detention of Mr. Waverly in the absence of either arguable probable cause or probable cause, were taken in absence of lawful authority.  The actions of Officer Dillard constitute a seizure/false arrest of Mr. Waverly.

17. The seizure of Mr. Waverly by Officer Dillard was committed in the course and scope of his employment as a law enforcement officer for the Miami-Dade Police Department.

18. As a direct and proximate result of the acts described above, Mr. Waverly has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

19. As a further direct and proximate result of the conduct of Officer Dillard, Mr. Waverly suffered loss of liberty and freedom, mental anguish and loss of capacity for the enjoyment of life.  Mr. Waverly's losses are either permanent or continuing and Mr. Waverly will suffer the losses in the future, in violation of Mr. Waverly's rights.

WHEREFORE, Mr. Waverly respectfully requests that this Court:

   a. Judgment for any and all damages recoverable under law against Officer Dillard;
   b. Judgment for punitive damages against Officer Dillard;
   c. Cost of suit;
   d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and
   e. Such other relief as this Court deems just and proper.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## CLAIM AGAINST KENNETH DILLARD

20. Mr. Waverly re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 though 13 above as if fully set forth herein.
21. Mr. Waverly experienced deliberate and reckless inflicted mental suffering from Officer Dillard.
22. Officer Dillard's conduct was intentional or reckless when he knew or should have known that emotional distress would likely result.
23. Officer Dillard's conduct was outrageous – that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.
24. Officer Dillard's conduct caused severe emotion distress.
25. The emotional distress Mr. Waverly experienced was severe.

WHEREFORE, Mr. Waverly respectfully requests that this Court:

a. Enter judgment for any and all damages recoverable under law in his favor and against Officer Dillard; and
b. Enter judgment for such other relief as this Court deems just and proper.

## COUNT III

## STATE LAW FALSE ARREST CLAIM AGAINST KENNETH DILLARD

26. Mr. Waverly re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 though 13 above as if fully set forth herein.
27. Officer Dillard proximately caused Mr. Waverly's arrest in the absence of probable cause that Mr. Waverly committed any criminal offense.
28. The actions of Officer Dillard, in causing the arrest of Mr. Waverly in the absence of probable cause, were taken in absence of lawful authority.  The actions of Officer Dillard constitute false arrest/false imprisonment of Mr. Waverly.
29. The false arrest of Mr. Waverly by Officer Dillard was committed in the course and scope of their employment as law enforcement officers for the Miami-Dade Police Department.

30. As a direct and proximate result of the acts described above, Mr. Waverly has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

31. As a further direct and proximate result of the conduct of Officer Dillard, Mr. Waverly suffered loss of liberty and freedom, mental anguish and loss of capacity for the enjoyment of life.  Mr. Waverly's losses are either permanent or continuing and Mr. Waverly will suffer the losses in the future, in violation of Mr. Waverly's rights.

    WHEREFORE, Mr. Waverly respectfully requests that this Court:
    a. Enter judgment for any and all damages recoverable under law in his favor and against Officer Dillard; and
    b. Enter judgment for such other relief as this Court deems just and proper.

## COUNT IV
## 42 U.S.C. § 1983 SEIZURE CLAIM AGAINST TANEITHA WILLIAMS

32. Mr. Waverly re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 though 13 above as if fully set forth herein.

33. Officer Williams proximately caused Mr. Waverly' seizure and detention in the absence of either arguable probable cause or probable cause that Mr. Waverly committed any criminal offense.

34. The actions of Officer Williams, in causing the seizure and detention of Mr. Waverly in the absence of either arguable probable cause or probable cause, were taken in absence of lawful authority.  The actions of Officer Williams constitute a seizure/false arrest of Mr. Waverly.

35. The seizure of Mr. Waverly by Officer Williams was committed in the course and scope of her employment as a law enforcement officer for the Miami-Dade Police Department.

36. As a direct and proximate result of the acts described above, Mr. Waverly has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

37. As a further direct and proximate result of the conduct of Officer Williams, Mr. Waverly suffered loss of liberty and freedom, mental anguish and loss of

capacity for the enjoyment of life. Mr. Waverly's losses are either permanent or continuing and Mr. Waverly will suffer the losses in the future, in violation of Mr. Waverly's rights.

WHEREFORE, Mr. Waverly respectfully requests that this Court:

a. Judgment for any and all damages recoverable under law against Officer Williams;
b. Judgment for punitive damages against Officer Williams;
c. Cost of suit;
d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and
e. Such other relief as this Court deems just and proper.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CLAIM AGAINST TANEITHA WILLIAMS

38. Mr. Waverly re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 though 13 above as if fully set forth herein.
39. Mr. Waverly experienced deliberate and reckless inflicted mental suffering from Officer Williams.
40. Officer Williams' conduct was intentional or reckless when she knew or should have known that emotional distress would likely result.
41. Officer Williams' conduct was outrageous – that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community
42. Officer Williams' conduct caused severe emotion distress.
43. The emotional distress Mr. Waverly experienced was severe.

WHEREFORE, Mr. Waverly respectfully requests that this Court:

a. Enter judgment for any and all damages recoverable under law in his favor and against Officer Williams; and
b. Enter judgment for such other relief as this Court deems just and proper.

## COUNT VI
## **STATE LAW FALSE ARREST CLAIM AGAINST TANEITHA WILLIAMS**

44. Mr. Waverly re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 though 13 above as if fully set forth herein.

45. Officer Williams proximately caused Mr. Waverly's arrest in the absence of probable cause that Mr. Waverly committed any criminal offense.

46. The actions of Officer Williams, in causing the arrest of Mr. Waverly in the absence of probable cause, were taken in absence of lawful authority. The actions of Officer Williams constitute false arrest/false imprisonment of Mr. Waverly.

47. The false arrest of Mr. Waverly by Officer Williams was committed in the course and scope of their employment as law enforcement officers for the Miami-Dade Police Department.

48. As a direct and proximate result of the acts described above, Mr. Waverly has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

49. As a further direct and proximate result of the conduct of Officer Williams, Mr. Waverly suffered loss of liberty and freedom, mental anguish and loss of capacity for the enjoyment of life. Mr. Waverly's losses are either permanent or continuing and Mr. Waverly will suffer the losses in the future, in violation of Mr. Waverly's rights.

WHEREFORE, Mr. Waverly respectfully requests that this Court:

   a. Enter judgment for any and all damages recoverable under law in his favor and against Officer Williams; and

   b. Enter judgment for such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Mr. Waverly hereby demands a trial by jury.

| | |
|---|---|
| Dated: February 18, 2020. | Respectfully submitted,<br><br>/s *Wendell Locke*<br>_____<br>Wendell Locke, For the Firm<br>Florida Bar No. 119260<br>wendell@lockefirm.com<br><br>**LOCKE LAW, P.A.**<br>Attorneys for Plaintiff<br>8201 Peters Road<br>Suite 1000<br>Plantation, Florida 33324<br>954.382.8858 office<br>954.827.0998 facsimile<br>www.lockefirm.com |